## WOLFE *a.* GOULARD.

*Supreme Court, First District; At Chambers, Jan.,* 1863.

PRIVILEGE OF DEFENDANT FROM TESTIFYING.—STATUTE OF LIMITATIONS.

In an action to restrain the infringement of a trade-mark, and to recover from the defendant damages for having counterfeited it, the defendant cannot refuse before the referee to answer, or to exhibit his books, in relation to all sales which took place three years or more before the inquiry is made; for the Statute of Limitations protects him from criminal prosecution for his acts up to that period.

But an inquiry, or a demand to produce the books, which is not confined to a period prior to three years before the inquiry, is too broad, and will not furnish gound for an attachment if an answer is refused.

Motion for an attachment.

This was an action against the defendant for infringing plaintiff's trade-mark.

The plaintiff's complaint averred that he had for a long time past been, and now is, the manufacturer and seller of a certain

kind of gin, known as "Schiedam Schnapps," of the composition of which he is the original inventor, different from any other kind of gin, and superior to any other; that he first invented and adopted the term "Schiedam Schnapps," as a label, trade-mark, or sign of the gin so sold by him, which previously was wholly unused, and never before known in the market as any designation for gin of any kind; that he has used the term "Schiedam Schnapps," as designating the article he sold, from 1848 to the present time, and claimed the exclusive right to such name.

He also averred that he used a peculiar-shaped bottle, and prepared a label, for which he obtained a copyright.

He charged the defendant with having imitated the bottle used by the plaintiff, with having adopted the term "Schiedam Schnapps," and with using wrappers of the same color, and resembling the plaintiff's. He charged the defendant with selling a spurious and inferior imitation of the article he sells, under the same name, except substituting the name of Voldner for Wolfe, but calling the article so sold by the same name, "Schiedam Schnapps."

The action was tried at special term, and judgment rendered, declaring the defendant's use of the trade-mark to be an unlawful imitation of the plaintiff's, and the defendant was permanently restrained from its further use, and adjudged to account to the plaintiff for the profits, made by the defendant, by the such imitation.

On a reference to take an account of the use by defendant of the trade-mark in question, he refused to produce his books and papers, or to answer as to sales. The plaintiff now applied for an attachment against him for contempt.

*John Slosson*, for the plaintiff.

*G. Dean*, opposed.

LEONARD, J.—The defendant must answer, and exhibit his books relating to all sales which took place three years or more before the inquiry is made.

The Statute of Limitations will protect him fully from prosecution for any offence connected with the subject in controversy

which transpired three years ago.    (People *a.* Mather, 4 *Wend.*, 229.)

The exhibition of the defendant's books might lead to his conviction, under the statute of 1850 (ch. 123), where the sales were made within three years.

If the defendant were asked what profit he made on the article sold by him under the Voldner label, referred to in the pleadings, for any specific year or other period, I am unable to see that his answer would in any way subject him to a criminal prosecution.

The defendant avowed the use of the label, which has been adjudged to be an imitation, in his sales of gin in bottles, by his answer, and at every previous step in the cause.    His present claim is not very consistent.    He has, it seems, the right to stop his disclosures when he will, and claim his privilege, when it is made in good faith, and under just grounds of apprehension.

His books of account may be a stronger statement than his .verbal admission, and may subject the defendant to greater danger of a criminal prosecution; so also as to his written statements.

There are no questions appearing in the referee's report, which are confined to a period prior to the last three years, or to the profits made on the sales.

The defendant refused to produce his books and papers, and also a written statement of sales, and refused to answer an inquiry as to the quantity sold under the label from May, 1856, to December 17, 1860; also as to the date of the first sale.    I am unable to say that an answer to either of these general questions may not implicate the defendant in a criminal charge.    I cannot, therefore, overrule the defendant's claim of privilege.

The motion for an attachment is denied, without costs, with leave to the plaintiff to proceed with his reference.    This denial of the motion to be without prejudice to another motion, in case the defendant shall refuse to answer or account to the extent indicated.